**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NASSER ALI SALIM AL HAJRI, | No. 06-71135 |
| Petitioner, | |
| v. | Agency No. A079-569-802 |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 17, 2010[**]
San Francisco, California

Before:   HAWKINS, FISHER and TYMKOVICH, Circuit Judges.[***]

Nasser Ali Salim Al Hajri petitions for review of a decision of the Board of

Immigration Appeals (BIA) affirming an Immigration Judge's (IJ) denial of his

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]The Honorable Timothy M. Tymkovich, United States Circuit Judge for the Tenth Circuit, sitting by designation.

application for asylum, withholding of removal and relief under the United Nations Convention Against Torture (CAT). We deny the petition.

"We lack jurisdiction to review the BIA's determination that no 'extraordinary circumstances' excused [Al Hajri's] untimely filing of his application for asylum." *Molina-Estrada v. INS*, 293 F.3d 1089, 1093 (9th Cir. 2002) (citing 8 U.S.C. § 1158(a)(3)).

The BIA based its adverse credibility finding on substantial evidence and inconsistencies that went to the heart of the claim. *See Li v. Holder*, 559 F.3d 1096, 1102 (9th Cir. 2009). Al Hajri dissembled during cross-examination and failed to explain numerous discrepancies between his asylum application and his testimony during direct examination. These conflicts concerned his principal arrest, as well as the number, location and timing of other arrests.

Substantial evidence also supports the BIA's determination that Al Hajri failed to establish a clear probability of persecution in either the Democratic Republic of the Congo or Oman. Al Hajri presented minimal relevant documentary evidence outside of general country conditions. Without credible testimony, the BIA had a sufficient basis to conclude that Al Hajri failed to carry his burden. *See Shrestha v. Holder*, 590 F.3d 1034, 1048 (9th Cir. 2010); *Zehatye v. Gonzales*, 453 F.3d 1182, 1186 (9th Cir. 2006).

Finally, the BIA based its determination that Al Hajri is not eligible for CAT relief on substantial evidence. Although "a CAT applicant may satisfy his burden with evidence of country conditions alone," *Aguilar-Ramos v. Holder*, 594 F.3d 701, 705 (9th Cir. 2010), country conditions do not show that individuals of Arabic descent are routinely tortured in the Democratic Republic of the Congo.

**DENIED**.